**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**FELICIA A. SCOTLAND,**

        **Plaintiff,**

**-vs-**                                       **Case No. 6:09-cv-1709-Orl-28DAB**

**BAYVIEW LOAN SERVICING, LLC,
JOHN DOE #1 THROUGH JOHN DOE
#10,**

        **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

        This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**   **MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (Doc. No. 2)**
>
> **FILED:**     **September 21, 2009**[1]
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED.**

        Plaintiff seeks to proceed in this action *in forma pauperis*. In order to proceed this way, Plaintiff must allege a non frivolous cause of action within the limited jurisdiction of the federal courts. Plaintiff's complaint is unclear and, in some respects, ambiguous as to the relief sought and the legal bases for seeking relief.

---

[1] The case was transferred from the Eastern District of New York on October 8, 2009.

The gist of the complaint is apparent, however: Plaintiff complains of a higher than expected rate charged on a loan on a mortgage, apparently now in foreclosure which she seeks to "stay." Doc. No. 1 at 3. She alleges "she has filed numerous letters in order to obtain information as to the proper parties involved in the illegal foreclosure and that at no time has the defendants [sic] or any of its assigns or agents made contact with the exception of Brian L. Rosaler, Esq., the attorney who participated in the foreclosure proceedings on behalf of defendant Bayview Loan Servicing, LLC."

Plaintiff cites to federal statutes 28 U.S.C. §§ 2201, 2202 – governing declaratory judgments, and 42 U.S.C. § 1983 – governing claims for violation of civil rights, none of which create jurisdiction in this Court, but are merely vehicles through which a plaintiff may sue in federal court. Plaintiff must allege a case or controversy that is within the subject matter jurisdiction of the federal courts. The Court cannot, on the basis of this complaint, determine whether Plaintiff has stated (or could state) cognizable claims under state law for these matters. Generally a foreclosure action is within the jurisdiction of the state courts and complaints about the interest rate charged on the mortgage or promissory note may be asserted as a defense. It is clear, however, that Plaintiff has not sufficiently raised a *federal* issue that can be heard in this Court. To the extent Plaintiff may be attempting to invoke the diversity jurisdiction of the federal courts, she has failed to make sufficient allegations of citizenship to establish a basis for such jurisdiction.

It is recommended that Plaintiff's application be denied and that the action be dismissed if Plaintiff fails to pay the required filing fee within 11 days from the date of any Order adopting or affirming this Report and Recommendation.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on October 23, 2009.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Unrepresented Party
Courtroom Deputy